**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | |
| Plaintiff/Appellee, | ) | No. CR 05-857 PCT RCB |
| vs. | ) | O R D E R |
| Wade C. Dickinson, | ) | |
| Defendant/Appellant. | ) | |

On July 11, 2005, Defendant Wade C. Dickinson ("Dickinson") was convicted of three petty offenses alleging violations of 36 C.F.R. §§ 261.6(a), 261.6(h) and 261.13(h). Thereafter, Dickinson timely filed an appeal in this Court. Appeal (doc. 1). On February 8, 2006, the Government filed its response and memorandum in opposition to Dickinson's appeal. Resp. (doc. 5). Dickinson filed a reply on February 27, 2006. Reply (doc. 7). Having carefully considered the arguments presented by the parties, the court now rules.

**I. Procedural Background**

Dickinson was cited by a Coconino Forest Service Law

Enforcement Officer for four (4) petty offenses stemming from his alleged illegal cutting of wood and driving off road in a manner that unreasonably disturbs the land.  These events occurred on March 7, 2005.  On July 11, 2005, Dickinson proceeded to trial, pro se, before Magistrate Judge Mark E. Aspey, in Flagstaff, Arizona, on these four (4) citations, as well as two (2) other citations for other actions allegedly committed on May 4, 2005.  At the conclusion of the trial, Dickinson was found guilty of three (3) citations for his actions on March 7, 2005, and acquitted on three (3) citations.  Dickinson was sentenced to two (2) years unsupervised probation, ordered to pay a $500 fine per citation for a total fine of $1,500, a $10 special assessment per citation for a total assessment of $30, a CVB processing fee of $25 per citation for a total of $75, and, as a condition of probation, Dickinson was banned from the Coconino and Prescott National Forests for a two (2) year period.  Dickinson now appeals these convictions.

This matter arose from a criminal prosecution alleging violations of Title 36, Code of Federal Regulations.  As such, upon conviction, Dickinson has a right of appeal to the United States District Court. 18 U.S.C. § 3402; Fed. R. Crim. P. 58.2 (g)(2)(B).

**II. Discussion**

A district court must sustain the decision of the magistrate judge if there is substantial evidence, taken in a view most favorable to the prosecution, to support the verdict. <u>United States v. Davila</u>, 440 F. Supp. 670, 672 (D.P.R. 1976).  "The defendant is not entitled to a trial de novo by a district judge." Fed. R. Crim. P 58.2 (g)(2)(D).  "In reviewing the record to determine the sufficiency or insufficiency of the evidence, it is

not for this Court to weigh the evidence or determine the credibility of the witnesses." Davila, 440 F. Supp. at 672.

On appeal, Dickinson argues that his convictions should be overturned, because (1) the trial court inappropriately denied his use of an affidavit in his defense, and (2) found him guilty, "without proof by which a reasonable person could find [him] guilty, beyond a reasonable doubt." Appeal (doc. 1) at 4. First, Dickinson asserts that Judge Aspey inappropriately disallowed Dickinson from admitting into evidence the affidavit of Destry Finch. Id. at 7-8. Dickinson maintains that Finch is a local land owner who allowed Dickinson to enter his land and remove lumber. Id. at 4. At trial, Dickinson attempted to submit an affidavit from Finch that Dickinson claimed would show that he had such permission. Id. at 7. However, the trial court found that the affidavit was hearsay under Rule 801 of the Federal Rules of Evidence, and thus not admissible. Id. at 8; see also Transcript (doc. 5) at 91.

Dickinson contends that, due to the fact that he was representing himself at trial, he was unaware that an affidavit would not be sufficient. Appeal (doc. 1) at 8. However, the Government asserts, and Dickinson does not deny, that it had previously informed Dickinson that affidavits were not admissible evidence at trial, and that it would contest any attempt that Dickinson made to enter such affidavit into evidence. Resp. (doc. 5) at 5. Additionally, Dickinson argues that "in all fairness and equity, as well as the interests of justice[,]" the trial court should have accepted Mr. Finch's affidavit into evidence. Appeal (doc. 1) at 8. Dickinson did not assert any of these arguments to

-3-

the trial court, nor does he currently cite any authority to support his arguments.

Second, Dickinson argues that the trial court's convictions should be overturned because the Government failed to present enough evidence to support the verdict. Appeal (doc. 1) at 5. Dickinson argues that there was not enough evidence presented against him that would allow a reasonable person to find him guilty beyond a reasonable doubt. Id. Specifically, without any citations to the record, Dickinson asserts that the Government failed to prove that the lumber in his truck was the tree that had been illegally cut. Id. at 6. In addition, Dickinson contends that the trial court permitted and considered impermissible expert testimony at trial. Id. at 5-7. The contested testimony is that of Christopher Jones and Officer Jeremy Smith, with respect to the mud on the road and the tire tracks in the forest. Id. Dickinson argues that these individuals offered expert testimony without being qualified as an expert. Id. However, Dickinson asserted no challenges to such testimony at trial.

At trial, through testimony and other evidence, it was established that on March 7, 2005, Christopher Jones was driving west on Stoneman Lake Road. Transcript (doc. 5) at 7, 21. Jones stopped when he saw that the fence next to the road was cut and noticed large truck tracks coming onto the road. Id. at 7. Jones got out of his car for three to four minutes and followed the tracks about 75 yards into the woods. Id. at 8, 18. Along these muddy tracks he saw that trees had been cut, including an Alligator Juniper. Id. at 8-9. Returning to his vehicle, Jones noted that at the point where the mud tracks came back to the pavement, the

1  mud was wet.  Id. at 9-10.  Jones followed the mud tracks on
2  Stoneman Lake Road until he caught up with the truck dropping mud
3  on the road.  Id. at 10-11.  This truck was pulling a trailer
4  filled with untied planked tree trunk slabs.  Transcript (doc. 5)
5  at 10-11.  He followed the truck to I-17 where the truck and
6  trailer stopped.  Id. at 11.  Dickinson got out of the truck and
7  confronted Jones.  Id. at 11.  Jones called in a report to the
8  Forest Service.  Id. at 10.

9      Officer Jeremy Smith was assigned to investigate Jones'
10 report.  Id. at 27.  On March 20, 2005, Officer Smith spoke with
11 Jones about his report and then went into the area where Jones had
12 observed the damage on March 7, 2005.  Trans. (doc. 5) at 27.
13 Officer Smith saw the cut Forest Service fence and the tracks that
14 went through the cut fence.  Id. at 29.  On March 20, 2005, at the
15 time Officer Smith investigated the area, the tracks were still
16 muddy.  Id. at 29.  The tracks were still clear where they came
17 onto Stoneman Lake Road, and these tracks went back into the forest
18 about a quarter of a mile.  Id. at 30.  Officer Smith observed two
19 distinct tracks, indicating to him that there had been a truck and
20 a trailer.  Id. at 32.  Officer Smith's investigation lead him to
21 identify Dickinson as the owner of the truck.  Transcript (doc. 5)
22 at 33-34.

23     In an interview on April 10, 2005, Dickinson admitted that he
24 was the person who confronted Jones on March 7, 2005, and that his
25 truck and trailer were muddy and filled with wood.  Id. at 34.  As
26 part of another incident when Dickinson was located with his truck
27 and trailer in the same area two months later, Dickinson admitted
28 that he sells this wood for $150-200 per log.  Id. at 42, 72.

-5-

1    After reviewing the evidence in a light most favorable to the
2 Government, the Court concludes that there is substantial evidence
3 to support the guilty verdicts against Dickinson.  Thus, the Court
4 must sustain the decision of the magistrate judge and affirm the
5 verdict.
6    IT IS ORDERED that the judgment is AFFIRMED.
7    DATED this 7th day of April, 2006.

_____
Robert C. Broomfield
Senior United States District Judge

13 Copies to counsel of record.